UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAWRENCE C. BUSH,

    Plaintiff,

v.                                                      CASE NO. 3:23-cv-1412-WWB-MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision regarding his application for a period of disability and disability insurance benefits ("DIB"), filed on April 21, 2022. (Tr. 25.) Following an administrative hearing held on April 27, 2023, the assigned Administrative Law Judge ("ALJ") issued a decision, finding Plaintiff not disabled from April 19, 2022, the alleged disability onset date through June

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

2, 2023, the date of the ALJ's decision. (Tr. 35.) Based on a review of the record, the briefs, and the applicable law, the undersigned recommends that the Commissioner's decision be **REVERSED and REMANDED**.

## I.  Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the

Commissioner's factual findings).

## II. Discussion

### A. Issues on Appeal

Plaintiff raises two issues on appeal. Plaintiff's first argument is that the ALJ's findings as to Plaintiff's Residual Functional Capacity ("RFC") and subjective complaints are not supported by substantial evidence for three reasons. First, Plaintiff asserts that the ALJ's RFC finding does not include any corresponding limitations that would account for the ALJ's "paragraph B" criteria findings that Bush had "mild" limitations in all four broad functional areas: "understanding, remembering, or applying information," "interacting with others," "concentrating, persisting, or maintaining pace," and "adapting or managing oneself." (Doc. 13 at 5–8.) Second, Plaintiff asserts that the ALJ's decision does not contain an adequate evaluation of how his chronic pain or medication side effects impact his mental limitations. (*Id.* at 9–12.) Third, Plaintiff asserts that the ALJ's decision does not contain an adequate evaluation of his need for the use of assistive devices. (*Id.* at 13–16.)

Plaintiff's second argument is that the VE's testimony does not constitute substantial evidence upon which the ALJ could properly rely. (*Id.* at 16.) Plaintiff explains that the basis for the VE's opinion that Plaintiff could perform three light exertional jobs despite being limited to just four

3

hours of sitting and four hours of combined standing and walking are ambiguous, vague, and inconsistent with the Social Security rules and regulations, and also inconsistent with the data from the Department of Labor.  (*Id.*)  Plaintiff further argues that an ALJ must resolve conflicts between the Dictionary of Occupational Titles ("DOT") and expert evidence, however, here, the ALJ did not provide an explanation for the discrepancy and how he resolved the conflict.  (*Id.* at 21.)  Plaintiff explains that the ALJ's report only contains "a single conclusory statement that '[p]ursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the DOT and its companion source, Selected Characteristics of Occupations (SCO), as well as the vocational expert's education, professional training, and experience.'"  (*Id.* (quoting Tr. 34–35).)  Plaintiff asserts that the neither the ALJ nor the VE clarify whether the "sit/stand option" meant at will or whether the jobs include restrictions as to the frequency with which the worker can change position.  (*Id.* at 22.)  Plaintiff highlights that the VE testified that the jobs could be performed seated the entire day if the worker wanted to, however, Plaintiff asserts that if that were the case, then the DOT would classify these jobs as sedentary instead of light in exertion.  (*Id.*)

Defendant responds that substantial evidence supports the ALJ's RFC and subjective complaints findings, contrary to Plaintiff's assertions.  (Doc. 14

4

at 4.) Defendant argues that in evaluating the Plaintiff's RFC, the ALJ incorporated Plaintiff's complaints, the impact of Plaintiff's symptoms and subjective complaints, including pain, are all analyzed as part of the RFC evaluation and the ALJ limited Plaintiff to light work; standing/walking for four hours; sitting for four hours; occasionally climbing ramps, stairs, ladders, ropes, and scaffolds; and occasionally balancing, stooping, kneeling, crouching, and crawling. (*Id.*)

With respect to Plaintiff's second argument, Defendant responds, arguing that Plaintiff's argument is meritless. (*Id.* at 15.) Defendant asserts that the VE's testimony clears the substantial evidence bar, and the ALJ properly relied on the VE's response to the hypothetical question. (*Id.* at 18.) Defendant points out that the ALJ confirmed with the VE that the jobs identified could be performed while either sitting or standing. (*Id.* at 19.) Defendant argues that the ALJ properly identified substantial evidence supporting his conclusion that Plaintiff was not disabled within the meaning of the Act. (*Id.*)

### B. The ALJ's Decision

At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since April

---

[2] The Commissioner employs a five-step process in determining disability. *See* 20 C.F.R. § 404.1520(a)(4).

19, 2022.  (Tr. 27.)  At step two, he found that Plaintiff had the following severe impairments: degenerative joint disease, diabetes mellitus, and obesity.  (*Id.*)  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id.* at 29.)  Then, before proceeding to step four, the ALJ determined that Plaintiff had the RFC as follows:

> [T]o perform light work as defined in 20 CFR [§] 404.1567(b), except that he can stand and walk for a total of four hours in an eight-hour workday; sit for about four hours in an eight-hour workday; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl.

(*Id.*)  The ALJ stated that he had "considered all symptoms and the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical evidence and other evidence[.]"  (*Id.*)  The ALJ also stated that he had "considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR [§] 404.1520c."  (*Id.*)

As part of the RFC determination, the ALJ discussed Plaintiff's testimony, the objective medical evidence, and the treating, consulting, and non-examining records and opinions of record.  (Tr. 29–33.)

Then, at step four, the ALJ determined that Plaintiff was unable to perform any past relevant work.  (Tr. 33.)  At the fifth and final step of the sequential evaluation process, considering Plaintiff's age, education, work

experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, such as Cashier II (DOT No. 211.462.010), Sales Attendant (DOT No. 299.677-010), and Storage Facility Rental Clerk (DOT No. 295.367-026). (TR. 34.) Thus, the ALJ concluded that Plaintiff was not disabled from April 19, 2022 through June 2, 2023. (Tr. 35.)

### III.  Analysis

The undersigned recommends that this case be remanded for the ALJ's failure to resolve an apparent conflict between the VE's testimony and the DOT. Plaintiff contends that the ALJ reversibly erred under SSR 00-4p, in failing to identify and provide a reasonable explanation regarding a conflict between the occupational evidence/testimony provided by the VE and the information contained in the DOT.

ALJs have an affirmative duty to identify and resolve apparent conflicts between a claimant's limitations and the demands of occupations— as defined in the DOT—that a vocational expert offers as examples of the work that a claimant can perform. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). "The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Id.* at 1362. "During or after the hearing, the ALJ is expected to take notice of apparent conflicts, even when they are not identified by a party, and resolve

7

them." *Id.* at 1363. Whenever a conflict is apparent, the ALJ must also ask the vocational expert about it. *Id.* This involves more than simply asking the expert to confirm no conflict, but to provide a reasonable explanation for any apparent discrepancy. *See id.* An apparent conflict is a "conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony. At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* at 1365. The ALJ's decision must detail how the conflict was resolved. An ALJ's failure to fully discharge this duty prevents the expert's contradicted opinion from serving as substantial evidence. *See id.* at 1356; *see also Hayer v. Comm'r of Soc. Sec.*, No. 2:21-cv-436-SPC-NPM, 2022 U.S. Dist. LEXIS 148763, at *7-8 (M.D. Fla. Aug. 3, 2022).

During the hearing, the ALJ asked the vocational expert to opine about the number of available jobs in the national economy for someone of Bush's age, education, and work experience and limited to standing and walking for a total of four hours in an eight-hour workday and sitting for a total of four hours of an eight-hour work day, and could occasionally climb ramps, stairs, ladders, ropes and scaffolds, occasionally balance, stoop, kneel, crouch, and crawl. (Tr. 1558–59.) The expert opined that were three occupations in the light occupational groups that could be performed "either sitting or standing

or any combination of that" referring to the occupations of Cashier II (DOT # 211.461.010), Sales Attendant (DOT # 299.677-010), and Storage Facility Rental Clerk (DOT # 295.367-026). (Tr. 1559–60.) The ALJ subsequently asked the expert:

> Q Has your testimony comported with the provisions of the DOT and its companion source, the SCO?
> A No conflict with anything in those documents. They don't specify specific number of hours sitting, standing or walking, a concept of off task or absences. So in all those areas I base my opinion on my experience, training and education as a vocational counselor over the last 31 years.

(Tr. 1562 [sic, generally].) In the administrative decision, the ALJ determined, pursuant to SSR 00-4p, that the "vocational expert's testimony is consistent with the information contained in the DOT and its companion source, Selected Characteristics of Occupations (SCO), as well as the vocational expert's education, professional training, and experience." (Tr. 34–35.)

The DOT describes the positions of Cashier II, Sales Attendant, and Storage Facility Rental Clerk as requiring light work and may require "walking or standing to a significant degree." (DOT #s 211.461.010, 299.677-010, and 295.367-026.) It is indisputable that "[l]ight work requires the individual to stand [and/or walk] for a period of six hours in an eight-hour workday." *Horne v. Commissioner of Social Sec.*, 2021 U.S. Dist. LEXIS 133815, 2021 WL 3023679, *14 (M.D. Fla. June 28, 2021), report and

9

recommendation adopted, 2021 U.S. Dist. LEXIS 132683, 2021 WL 3022727 (M.D. Fla. July 16, 2021).

The undersigned finds that there is an apparent conflict between the DOT for each of the jobs at issue here and Plaintiff's limitation to standing and walking only four hours of an eight-hour workday. *Id.* (citing *Washington, 906 F.3d at 1365* (noting that an apparent conflict is one that apparent conflict is a "conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony")). Light work requires the individual to stand for a period of six hours in an eight-hour workday. SSR 83-10 (S.S.A. 1983), 1983 SSR LEXIS 30, 1983 WL 31251, at *6. Thus, there is at least an apparent conflict between an individual limited to standing or walking for four hours in an eight-hour workday and one able to perform standing or walking to a significant degree, as light work requires standing or walking for six hours in an eight-hour workday. *See Knapp v. Kijakazi*, No. CA 21-0394-MU, 2022 U.S. Dist. LEXIS 62978, at *15 (S.D. Ala. Apr. 4, 2022). As such, because there is an apparent conflict between the DOT and the VE's testimony, the undersigned finds that the ALJ was under a duty to resolve the apparent conflict under the manner prescribed in the Washington decision. *See Washington*, 906 F.3d at 1356.

In light of this conclusion, it is unnecessary to address Plaintiff's remaining arguments on appeal. *See Jackson v. Bowen*, 801 F.2d 1291, 1294

n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, No. 8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam). However, since on remand the ALJ would be reconsidering Plaintiff's RFC assessment, the ALJ should also reevaluate Plaintiff's subjective statements and his limitations.

## IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on de novo review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. Based on this standard of review, the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question should be reversed and remanded.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings not inconsistent with this decision.

2. The Clerk of Court be directed to enter judgment accordingly, terminate any pending motions, and close the file.

3. The judgment should state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. § 1383(d)(2) must be filed within fourteen (14) days from plaintiff's counsel's receipt of any "close-out" letter.  The motion must include the agency letter stating the amount of past-due benefits withheld, include any applicable contingency fee agreement, and establish the fee is reasonable for the services rendered.  The Court's Order should state it does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ENTERED** at Jacksonville, Florida, on January 28, 2025.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Wendy W. Berger
United States District Judge

Counsel of Record